REQUESTED BY: David O. Coolidge, Director-State Engineer, Nebraska Department of Roads, P.O. Box 94759, Lincoln, Nebraska, 68509.
When the Department of Roads acquires property by condemnation, may the Department lease the property to the former owner or tenant until the property is required for construction of the highway project?
No.
Neb.Rev.Stat. § 39-1320 (Reissue 1978) authorizes the Nebraska Department of Roads `. . . to acquire, either temporarily or permanently, lands, real or personal property or any interests therein or any easements deemed necessary or desirable for present or future state highway purposes by gift, agreement, purchase, exchange, condemnation or otherwise' Pursuant to this section, the Nebraska Department of Roads at times will acquire the right-of-way for a highway project prior to the time when it will actually be needed for the construction of the project, and then will rent the property to the former owner or tenant until the property is used for the highway project for which it was acquired. Neb.Rev.Stat. § 39-1323.01 (Reissue 1978) authorizes the Department of Roads to lease property which is not currently needed for highway purposes.
Since there are several limitations which are unique to property acquired by condemnation, this opinion is limited to situations where the Department of Roads wants to lease property which was acquired by condemnation.
In Burger v. City of Beatrice, 181 Neb. 213,147 N.W.2d 691 (1977), the Nebraska Supreme Court stated:
 The power of eminent domain is a sovereign power which exists independent of the Constitution of Nebraska. The Constitution of Nebraska and legislative enactments pursuant thereto are in no sense a grant of power, but are and should be treated as a limitation of the power of eminent domain.
Section 21 of Article I of the Constitution of the State of Nebraska provides, `The property of no person shall be taken or damaged for public use without just compensation therefor.'
Further, Neb.Rev.Stat. § 76-714 (Reissue 1976) provides:
 The interest in the property acquired by the condemner shall be such title, easement, right-of-way, or use as is expressly specified in or necessarily contemplated by the law granting to the condemner the right to exercise the power of eminent domain. The condemner shall not dispossess the condemnee until the condemner is ready to devote the property to a public use, and such title or interest as the condemner seeks to acquire shall not be complete until the property is put to the public use for which taken.
Under both the constitutional and the statutory provisions, property cannot be taken by a condemning authority unless it is put to a public use, and the condemner's interest in the property is not complete until the property is put to the public use for which it was acquired.
In Burger v. City of Beatrice, supra, the Nebraska Supreme Court stated:
 It has been stated in many cases that `public use', as applied to the exercise of the power of eminent domain, is not capable of precise definition. The term is elastic and keeps pace with changing conditions. One line of decisions holds that the public use means use by the public that is, public employment and consequently that to make a use public, a duty must devolve on the person or corporation holding property appropriated by right of eminent domain to furnish the public with the use intended, and that there must be a right on the part of the public, or some portion of it, or some public or quasipublic agency on behalf of the public, to use the property after it is condemned. The opposing doctrine is that public use means public advantage, consequence, or benefit, and that anything which tends to enlarge the resources, increase the industrial energies, and promote the productive power of any considerable number of the inhabitants of a section of the state, or which leads to the growth of towns and the creation of new sources for capital and labor, contributes to the general welfare and the prosperity of the whole community constitutes a public use. In any event, the character of the use, and not its extent, determines the question of public use.
It is our opinion that the rental of property obtained by condemnation for a future highway project does not constitute a public use of the property and that it is definitely not the public use for which the property was taken. Therefore, the Nebraska Department of Roads' interest in or title to the property is not complete until the property acquired through condemnation is in some manner devoted to the highway purpose for which it was acquired, because until that time the condemnee retains the right to possess the property. Without the right to dispossess the owner, the Department of Roads clearly would have no ability to rent or lease property acquired by condemnation until some portion of it is devoted to a public use.
Very truly yours, PAUL L. DOUGLAS Attorney General Sharon M. Lindgren Assistant Attorney General Approved:Paul L. Douglas
Attorney General